## George L. Prentiss *vs.* Addison Prentiss.

If a testator, after devising certain land to his brother, on condition of his paying to the residuary legatee a certain sum, makes his wife residuary legatee, and provides that her rights under the will shall not be affected by the birth of any child born to him before or after his decease, a child born before his decease cannot maintain an action to recover the whole or any portion of the land devised to the testator's brother.

Writ of entry to recover certain real estate in Worcester. It was agreed in the superior court that George M. Prentiss

died seised of the demanded premises in November 1864. In March 1861 he made his will devising the same to his brother, Addison Prentiss, the tenant in this action, on condition that he should pay within one year after the testator's decease the sum of four thousand dollars for the benefit of the residuary legatee; and also providing that said Addison might receive one thousand dollars in money instead of said devise, if he should so prefer. The testator gave all the rest of his estate, real and personal, to his wife, Emily A. L. Prentiss, providing that " her rights under this residuary provision shall not be affected or changed by the birth of any child of mine, if any shall be born to me before or after my decease." The demandant is the only child of the testator, and was born ten days before the testator's death.

Upon these facts judgment was rendered for the tenant, and the demandant appealed to this court.

*J. D. Stevenson,* (of New York,) for the demandant.

*G. F. Hoar,* for the tenant.

DEWEY, J. The demandant asserts his right as a child of George M. Prentiss, deceased, to maintain the present action to recover certain real estate lately belonging to said Prentiss. The defence is, that George M. Prentiss died testate, having duly made his last will and testament, by which he disposed of all his property to other persons, and made his widow, Emily A. L. Prentiss, the residuary devisee of all his estate, real and personal. The fact of the existence and probate of such a will is conceded, and the only inquiry is, whether the case of the demandant falls within the provisions of Gen. Sts. *c.* 92, § 25, as the case of a child not provided for in the will of the testator. The demandant is the child of the testator, and was of the age of ten days at the time of the decease of his father. No provision was made for him in the will; and the sole inquiry is, whether it is sufficiently made to appear that such omission was intentional, and not occasioned by accident or mistake. The evidence upon this point is here furnished solely upon the face of the will. The testator, contemplating the event that has occurred in the birth of this child as one that might occur, has

signified his purpose as to such child. All that is necessary to be shown is, that the matter was in the mind of the testator, and by him deliberately acted upon. Where a testator devised his estate to the children of his daughter, describing them as such, but giving no legacy to the daughter, this was held sufficient to exclude her from a distributive share of his estate. *Wild* v. *Brewer*, 2 Mass. 570.

Here the language is very significant. It is a direct and expressed exclusion of " any child born to me before or after my decease," from setting up a claim to the estate. As was decided in *Bancroft* v. *Ives*, 3 Gray, 367, the statute applies to children born after the making of the will and before the death of the father. But it is the entire statute, with all its limitations, and it is unavailing where it appears that the exclusion of such a child was intentional. This does appear in the present case, and therefore the title of the demandant to the real estate demanded is not sustained. *Judgment for the tenant.*